(May 29, 1912.)

A. HAAS, Respondent, v. J. M. COBURN, Appellant.

[124 Pac. 476.]

SPECIFIC PERFORMANCE—TIME ESSENCE OF CONTRACT—MISTAKE—CON-
FLICT OF EVIDENCE.

(Syllabus by the court.)

1. Where H. and C. enter into a written contract whereby H.
agrees to purchase and C. agrees to sell certain real estate, and time
is made the essence of the contract, and H. enters into possession
of the land and erects valuable improvements thereon which exceed
in value the purchase price of the land, and remains in possession
thereof and fails to make payment on the date of maturity as
stipulated in the agreement, and it appears to the satisfaction of
the court that the failure to make payment within the time stipu-
lated was caused either by the mistake and inadvertence of H. as
to the date payment came due or by misleading statements as to
the date of maturity made by C., or both, a court of equity should
relieve the purchaser from the forfeiture and grant a specific per-
formance in a case where payment was tendered within a few
days after the maturity thereof and as soon as the purchaser learned
of his mistake.

2. In an action for specific performance of a contract to convey
real estate, where the vendor claims that the purchaser has for-
feited the contract and the purchaser sets up facts which would
tend to excuse his failure to make payment within the stipulated
time, and such facts are disputed by the vendor and his witnesses
and the equities of the case are strongly with the purchaser, the
court is justified in finding for the purchaser and ordering specific
performance.

APPEAL from the District Court of the Fifth Judicial
District for Bannock County. Hon. Alfred Budge, Judge.

Action for specific performance. Judgment for plaintiff
and defendant appealed. *Affirmed.*

George E. Gray, for Appellant.

This court has already passed upon a contract, not only
in substance, but word for word, as the contract in question,

in *Smith v. Krall,* 9 Ida. 541, 75 Pac. 263, in which the court unequivocally holds that time is the essence of the contract; also *Machold v. Farnan,* 14 Ida. 258, 94 Pac. 170.

The supreme court of Colorado has decided a case on all-fours with the case at bar, assuming all of the testimony of the plaintiff to be true. (*McKenzie v. Murphy,* 31 Colo. 274, 72 Pac. 1075.)

H. V. A. Ferguson, for Respondent.

Time may be of the essence of the contract in many cases, but the facts may be such that the courts will refuse to strictly construe the contracts. (*Durant v. Comegys,* 3 Ida. 204, 28 Pac. 425.)

In order to take advantage of any laches on the part of the vendee, it was the duty of the vendor to declare a forfeiture, and this he never did. (*Rourke v. McLaughlin,* 38 Cal. 196; *Sigler v. Wick,* 45 Iowa, 690; *Westervelt v. Huiskamp,* 101 Iowa, 196, 70 N. W. 125; 29 Am. & Eng. Ency. of Law, 683–685, and cases cited.)

Where time of performance is of the essence of the contract, a party who does any act inconsistent with the supposition that he continues to hold the other party to this part of the agreement will be taken to have waived it altogether. (29 Am. & Eng. Ency. of Law, 1104, and cases cited in note 1.)

AILSHIE, J.—This action was commenced for the specific performance of a contract to convey real estate. Judgment was entered for the plaintiff and the defendant appealed.

On the 11th of March, 1907, appellant and respondent entered into a written agreement whereby appellant agreed to sell and the respondent agreed to buy lot 1 in block 1 of South McCammon, in Bannock county, at a stipulated price of $350, which was evidenced by a promissory note executed by the respondent. The agreement contained a provision that the purchase price should be paid on or before the 11th day of March, 1908, and it was provided "that J. M. Coburn, party of the first part, agrees to extend the time one year from March 11, 1908, on all money not paid, at the rate of ten per

cent per year until March 11, 1909.'' Payment was not made on March 11, 1908, and an extension of one year was granted in conformity with the provisions of the contract. The agreement also contained the following provision:

''In the event of a failure to comply with the terms hereof, by the said party of the second part, the said party of the first part shall be released from obligation in law or equity to convey said property, and the said party of the second part shall forfeit all right thereto, and all payments made on said property. And the said party of the first part, on receiving such payment, at the time and in the manner above mentioned, agrees to execute and deliver to said party of the second part, or to . . . . assigns, a good and sufficient warranty deed to said premises.''

Following the execution of this agreement, the respondent was let into possession of the premises and thereafter paid all taxes and assessments on the property and erected a house barn and other buildings on the land of the value of $500, and continued to occupy and use the property still in the possession and occupancy thereof at the time of the trial of this case. Payment was not made on the 11th of March, 1909, but was tendered somewhere from the 16th to 22d of March. Appellant refused to accept the same and execute a deed unless the plaintiff would pay an additional sum of about $100 over and above the contract price.

On the trial of this case the appellant contended that time was of the essence of the contract and that the failure of the respondent to make payment at the time and in the manner specified in the contract worked a forfeiture of all rights under the contract. The respondent claimed that he was excusable for the neglect and failure to make payment on the 11th of March, and produced his evidence in support thereof, which was directly contradicted by appellant and his witnesses. The court after hearing all the evidence in the case made his findings in favor of the respondent upon all the contentions made. On the issue of respondent's excusable negligence and laches in not making the payment at the specified time the court found that a short time after the making

and delivery of the written agreement the respondent misplaced his copy of the contract and that the date of the maturity of the debt escaped his memory, and that he labored under the impression that the date of final payment was the latter part of March or the first of April. "That in the month of March, 1908, the defendant informed the plaintiff by means of a letter that his note would fall due on the first day of April, 1908, and caused the plaintiff to believe that his said note came due on April 1, 1908, and that April 1st was the month and day on which the said agreement was dated. That the plaintiff continued so to believe, and had no means of otherwise informing himself, until about the 16th day of March, 1909. That about March 16, 1909, the defendant informed the plaintiff that the true date of his contract and note was March 11, 1907, and that said note was then past due, and that plaintiff was in error in believing the date to be April 1, 1907. That about the said 16th day of March, 1909, the defendant waived the nonpayment of said note on M 11, 1909, agreed to meet the plaintiff in Pocatello, March 19, 1909, and to make and deliver a good cient conveyance of said premises to the plaintiff, and accept the purchase price for the same as expressed in said written agreement. That on March 19, 1909, the plaintiff went to Pocatello to meet the defendant according to their mutual agreement, procured and had ready the money to pay off said note and contract in full; but that the defendant failed, neglected, and refused to go to said Pocatello, and did not there meet the plaintiff as agreed on said or any other date or time. That on said March 19, 1909, the plaintiff, at said Pocatello, deposited in the hands of a trustee, to wit, one Henry O'Leary, the amount of money then due as the purchase price of said premises, with the interest due thereon at that time, to wit, the sum of $393.40, and instructed said trustee to pay said amount to the defendant, either in person or through the First National Bank of Pocatello, as the defendant might elect." The court further found that on about the 24th of March, 1909, the plaintiff personally notified defendant of a deposit of money as aforesaid and requested

defendant to make and deliver a good and sufficient convey-
ance, and that defendant refused to accept the money and
refused to make, execute and deliver a deed of conveyance
unless the defendant would pay the sum of $500 therefor.

The evidence of respondent, the plaintiff in the lower
court, and his witnesses was sufficient to justify the court in
making the foregoing findings and is sufficient to uphold them.
Had the court believed the appellant and his witnesses, he
would have found that no such agreements and understand-
ings were had, as appellant denied all these facts and testified
that he notified the respondent on several occasions as to the
date on which the debt would become due, and that he de-
manded payment on the 11th day of March and that the
respondent neglected and refused to make payment. The
court had all the parties before him and was in a position to
estimate and measure up the respective parties as to their
veracity and integrity, and we are not inclined to disturb his
findings. The circumstances as disclosed by the record are
all in favor of the respondent. The fact that he had been let
into possession of the premises and had made valuable im-
provements thereon in excess of the value of the land itself
constitutes a strong equity in favor of respondent, and it
also tends to corroborate the evidence of the respondent
that he was deceived or misled or mistaken as to the date
on which the payment would become due, for the reason that
within at least eight days thereafter he procured the money
and deposited it with O'Leary to pay the debt upon the ex-
ecution of a deed. Again, it is not reasonable to suppose that
he would have been inclined to forfeit all the improvements
that he had made on the premises which exceeded in value
the amount of the purchase price on the real estate. During
the time that was allowed to elapse between the actual ma-
turity of the indebtedness and the tender of payment, the
appellant did not change his relation to the property nor was
he in any way prejudiced by reason of any changed relation he
thereafter sustained either to the property or to the respond-
ent or any third party.

In the foregoing respects this case differs in its attendant facts and circumstances from the case of *Smith v. Krall,* 9 Ida. 535, 75 Pac. 263, on which appellant seems to rely, and it likewise differs from *Machold v. Farnan,* 14 Ida. 258, 94 Pac. 170.

The judgment should be affirmed, and it is so ordered. Costs awarded in favor of respondent.

Stewart, C. J., and Sullivan, J., concur.