Argued June 30, affirmed July 21, rehearing denied September 15, 1925.

# E. B. THRIFT ET AL. *v.* GEORGE P. LAIRD ET AL.

(237 Pac. 689.)

**Vendor and Purchaser—Purchaser Under Executory Contract of Sale cannot Remain in Possession Under Contract and Claim Rescission Thereof at Same Time.**

1. A purchaser under an executory contract of sale cannot remain in possession under the contract and claim rescission thereof at the same time.

**Vendor and Purchaser—Purchaser's Failure to Pay Interest and Allowing Taxes to Become Delinquent Entitled Vendors to Foreclose.**

2. Purchaser's failure to pay interest, as agreed in contract of sale, and allowing taxes to become delinquent, in violation of the contract, authorized the vendor to foreclose, where the contract provided for foreclosure under such circumstances.

**Vendor and Purchaser—Purchaser, to Put Vendor in Default and Claim Rescission, must be Ready to Pay Entire Purchase Price, Offer to Do So and Demand Deed.**

3. A purchaser, under a contract of sale, must, in order to put a vendor in default and claim a rescission, be ready to pay the entire purchase price, offer to do so and demand a deed.

**Vendor and Purchaser—Vendors Held not Required to Postpone Foreclosure Because of Fact Purchaser was Negotiating Loan.**

4. Vendors under a contract of sale, providing for foreclosure on purchaser's default, *held* not required to postpone foreclosure under contract because of fact purchaser was negotiating loan, with only the possibility of succeeding.

See (1) 39 **Cyc.** 1424.   (2) 39 **Cyc.** 1849.   (3) 39 **Cyc.** 1422. (4) 39 **Cyc.** 1849 (Anno.).

1. Taking or remaining in possession under executory contract for purchase of land as waiver of right to complain of defects in or failure of vendor's title, see note in 34 **A. L. R.** 1321. See, also, 27 **R. C. L.** 654.

3. See 27 **R. C. L.** 652.

From Curry: H. H. BELT, Judge.

Department 2.

This is an appeal from a decree foreclosing an executory contract for the sale of 840 acres of land in Curry County, directing the sale thereof by the sheriff and barring the defendants of all interest in said land, except the statutory right of redemption. The purchase price, including 100 cows and some machinery, was $72,000, of which $16,000 was paid when possession was delivered to defendant. The balance of the purchase price was to be paid in installments, none of which was due when this suit was begun.

The contract of sale was entered into between the parties thereto on the nineteenth day of March, 1920. The defendant, George P. Laird, entered into the possession of the land pursuant to said contract and has continued in possession until this time. Upon the appeal to this court the defendant and sole appellant, Laird, duly executed and delivered a stay undertaking on appeal. The appellant assigns sixteen alleged errors, all of which may be considered under one proposition, to wit: Does the fact that the record fails to show a deed from one Burroughs to forty acres described as the northeast quarter of the southeast quarter of section 33, township 30 south, range 15 west, Willamette Meridian, prevent the plaintiff from prevailing in this suit?

The forty-acre tract of the 840 acres agreed to be sold is entirely surrounded by the other 800 acres described in the contract of sale. The copy of the deed introduced in evidence from said Burroughs to the predecessor in interest of the plaintiffs was dated

July 1, 1869, and the undisputed evidence discloses that either the plaintiffs or their father, the purchaser from said Burroughs, had been in the absolute, adverse, continuous, exclusive and sole possession of said forty-acre tract ever since about July 1, 1869, claiming to own it, and that no one had made any claim to said forty-acre tract. It is also admitted in the record that the said Burroughs owned the northeast quarter of the southeast quarter of section 33, and that the northeast quarter of the southeast quarter of section 30, described in the copy of deed from Burroughs to Thrift would be in the Pacific Ocean, more than a mile from shore.

Before the contract of sale was executed and delivered an abstract of title was furnished to the defendant Laird and his then associates and no objection was made to the title as disclosed by that abstract until after this suit was commenced. The plaintiffs had no knowledge of the misdescription in the deed to their father until their attention was brought to it after this suit was instituted. They offered to take the necessary steps to convey a marketable title to that forty acres as well as the other 800 acres, on performance of the contract by the defendant, Laird, who had succeeded to the interest of his associates prior to commencement of this suit. At the time this suit was instituted, to wit, on the sixth day of September, 1922, the defendant, Laird, was in default in the interest accruing on the unpaid purchase price after the first day of April, 1921, and permitted the taxes duly levied against said real property and certain personal property to become delinquent in violation of the contract of sale. Neither the taxes nor the interest had been paid at the time the decree was

entered in the Circuit Court, that is to say, on the twenty-fourth day of May, 1923.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Bennett Swanton* and *Mr. George P. Topping,* with an oral argument by *Mr. T. T. Bennett.*

For respondents there was a brief over the names of *Messrs. Goss & Murphy* and *Mr. A. J. Sherwood,* with an oral argument by *Mr. John D. Goss.*

COSHOW, J.—1. It is not necessary to determine whether or not the contention that the error in the description in the deed from Burroughs to Thrift would prevent the plaintiffs from conveying a marketable title to the forty-acre tract. That it is a clerical mistake is beyond any question. The undisputed evidence is that by virtue of that deed the father of the plaintiffs went into possession of that land and remained in possession until his death and that the plaintiffs, as his heirs, had been in possession ever since and until they delivered possession to the defendant under the contract of purchase sought to be foreclosed in this suit.

The law is well settled that a vendee in an executory contract of sale cannot remain in possession under the contract and at the same time claim a rescission of the contract: *Sheehan* v. *McKinstry et al.,* 105 Or. 473, 481–483 (210 Pac. 167, 34 A. L. R. 1315), and authorities therein cited; *Ward* v. *James,* 84 Or. 375 (164 Pac. 370, 372).

2. By failing to pay the interest as he agreed to do, and allowing the taxes to become delinquent, in

violation of the contract of sale, the plaintiffs were entitled to foreclose by the terms of the contract.

3. " * * In order to put the vendor in default and claim a rescission of the contract the vendee must be ready to pay the entire purchase price, must offer so to do and demand a deed: * * " *Ward* v. *James,* 84 Or. 375, 383 (164 Pac. 372), cited with approval in *Anderson* v. *Hurlbert et al.,* 109 Or. 284, 297 (219 Pac. 1092).

4. The defendant Laird told some of the plaintiffs that he could not pay either the interest or taxes. The plaintiffs were not required to postpone proceedings to foreclose because defendant was negotiating for a loan with only a possibility of succeeding. The decree appealed from is very favorable to defendant.

The appellant contends that strict foreclosure is a harsh remedy, and equity will decree it only under peculiar and special circumstances. The Circuit Court did not decree strict foreclosure in this suit. On the contrary, he adopted as a conclusion of law that plaintiffs were not entitled to strict foreclosure. He directed a sale of the premises and made proper provision for the equitable application of the proceeds of the sale. The decree of the Circuit Court is, therefore, affirmed, with costs and disbursements in this court in favor of the respondents and against the appellant and his sureties.

AFFIRMED.    REHEARING DENIED.

McBRIDE, C. J., and BEAN and BROWN, JJ., concur.