Argued February 3, reargued May 6, affirmed September 8, 1965

# HENDERSON *v.* MOREY
405 P. 2d 359

*Fredric R. Merrill,* Portland, argued the cause for appellant. With him on the briefs were Krause, Lindsay & Nahstoll, Portland.

*David K. Young,* Portland, argued the cause and filed a brief for respondents.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

O'CONNELL, J.

This is an action to recover damages to real property brought by the vendor against the vendees and their assignee under a land sale contract. Plaintiff appeals from a judgment dismissing his complaint.

The following summary of facts is based upon a stipulation of facts filed by the parties. On February 11, 1959, plaintiff contracted to sell the property in question to defendants George O. and Nora Lee Morey. The defendants Morey assigned all of their rights in the property to defendant Suburban Properties, Inc.

In February, 1963, the defendants defaulted in their payments under the contract. Upon investiga-

tion, plaintiff discovered that the property had been severely damaged. The defendants have stipulated that the property was in a reasonable condition and state of repair at the time the contract was entered into and that defendants' failure to repair resulted in damage.

On March 25, 1963, plaintiff gave defendants notice of default of the terms of the contract and apprised defendants of the damaged condition of the premises. Defendants having failed to respond to the demands contained in the notice, plaintiff filed two separate cases in the Multnomah county circuit court against defendants. The first case was a suit in equity in which plaintiff alleged a default by defendants under the land contract and prayed for strict foreclosure of defendants' interests in the property. In the second case, which is the present action, plaintiff alleged a breach of the land sale contract and the consequent deterioration of the property.[1] He also alleged that the contract provided for attorney's fees and the prayer of the complaint seeks recovery of attorney's fees in addition to damages.[2]

---

[1] The complaint alleged:

"III.

"As part of the terms of the contract, attached hereto and marked Exhibit 'A', defendants promised to keep all of the buildings on the said property in good condition and repair and that they would not permit any waste or strip thereof.

"IV.

"Defendants have failed and refused to carry out their part of the contract and have refused to keep the buildings on said property in good condition and repair and allowed the said premises to deteriorate, as a result of weather conditions, improper care by the inhabitants, and vandalism, to the point where they are no longer inhabitable."

[2] "VII.

"Under the terms of the said contract, it is provided that in case suit or action is instituted to enforce any provision thereof,

The foreclosure suit was dismissed as to the defendants Morey with prejudice. On September 13, 1963, plaintiff was granted a decree of strict foreclosure against defendant Suburban Properties, Inc. The decree was granted after a short hearing in which the plaintiff presented evidence of defendant's failure to make payments under the contract.

In the present action defendants filed answers, whereupon a trial was set. On the day set for trial defendants demurred to plaintiff's complaint and at the same time filed amended answers setting forth the defenses of election of remedy and res judicata.

The demurrers were never ruled upon by the trial court, but the trial court indicated that if the evidence established that a prior foreclosure decree had been taken as alleged in defendant's amended answers it would dismiss plaintiff's complaint. Thereupon the parties agreed to enter a stipulation of facts in lieu of a trial to present the issue of law as to whether the suit for strict foreclosure was a bar to the subsequent action for damages. The court entered a judgment dismissing plaintiff's complaint on the ground that plaintiff was barred from bringing this action by the doctrine of election of remedies. The only issue presented by this appeal is the correctness of the trial court's dismissal of plaintiff's complaint.

■ We hold that the trial court correctly dismissed plaintiff's action. Plaintiff is barred under the doc-

---

plaintiff is entitled to recover such sum as the Court may adjudge reasonable as attorney's fees, to be allowed plaintiff in said suit or action; the sum of $————— is a reasonable sum to be so allowed.

"WHEREFORE, plaintiff prays for judgment against defendants, and each of them, in the amount of $3,490.71, plus the sum of $————— as reasonable attorney's fees, together with his costs and disbursements necessarily incurred herein."

trine of res judicata. At the time plaintiff filed his suit to foreclose, the acts of waste for which recovery is now sought had been committed and plaintiff was apprised of that fact. The contract plaintiff was seeking to foreclose contained a covenant which entitled him to recover for waste. Plaintiff could have united in the foreclosure proceeding the claim for waste.[8] The right to recover for waste was an indivisible part of the contract.

The requirement that plaintiff unite in one proceeding all matters which are a part of an indivisible contract is one aspect of the doctrine of res judicata generally expressed as the rule prohibiting the splitting of a cause of action.[9] The rule is applicable to the case at bar. The separate promises contained in a contract are regarded as a unit for the purpose of a suit upon the breach of any single promise unless the parties manifest an intent that the promise can be sued on separately. It is said that "whether the contract is single or is divisible depends upon the intent of the parties which may be tested by deciding whether the consideration was viewed as a whole by the parties or was apportioned among the various promises."[10]

Applying the foregoing test, the covenant not to

---

[8] In fact, plaintiff concedes that the complaint in the foreclosure suit contained an allegation that defendant failed to keep the premises in repair but no evidence of the failure to repair was adduced.

[9] The rule is stated in Restatement, Judgments, § 62 (1942) as follows:

"Where a judgment is rendered, whether in favor of the plaintiff or of the defendant, which precludes the plaintiff from thereafter maintaining an action upon the original cause of action, he cannot maintain an action upon any part of the original cause of action, although that part of the cause of action was not litigated in the original action, except * * * [setting forth exceptions]."

[10] Clark, Code Pleading, p. 324 (1928).

permit waste must be regarded as a part of an indivisible contract. There is nothing in the contract indicating that the parties intended that the covenant not to permit waste could be split off from recovery upon the contract as a whole.

There is an additional reason for treating the covenant as an inseparable part of the whole contract. The recovery for waste and the foreclosure of the purchaser's interest are closely interrelated. Plaintiff's recovery for waste may have a material effect upon the character of the strict foreclosure decree. For example, assume that the vendee has paid $4,000 on a total purchase price of $7,000 and commits waste to the extent of $3,000. If the vendor seeks damages for waste as a part of the foreclosure suit, any recovery must be credited upon the balance due under the contract. Upon payment of damages, the vendee would be entitled to a decree dismissing the suit and, if necessary, a decree directing the vendor to deliver a deed to the vendee. Even if the recovery for waste, together with the amount paid by the vendee on the purchase price is not sufficient to pay the total purchase price, the vendee although not entitled to a deed may, nevertheless, be entitled to a foreclosure by sale if it is likely that the proceeds of the sale will exceed the balance due on the contract.[9] If the action for waste is brought after the entry of the foreclosure

[9] "* * * a strict foreclosure will be denied where the premises have greatly increased in value since the sale or where the amount of unpaid purchase money is much less than the value of the property." Flanagan Estate v. Great Cent. Land Co., 45 Or 335, 344, 77 P 485, 488 (1904). Other cases which recognize that "the exigencies and equities of the case" may entitle a vendee to foreclosure by sale include McCracken v. Walnut Park Garage, Inc., 156 Or 697, 68 P2d 123 (1937); Thrift v. Laird, 115 Or 489, 237 P 689 (1925); Grider v. Turnbow, 162 Or 622, 94 P2d 285 (1939) (dictum). See also Note, 17 Or L Rev 333 (1938).

decree, but in all other respects the facts are the same as first recited above, it would seem that the vendee would be entitled to have the foreclosure decree opened up or at least the vendor should recover only to the extent that the value of the land plus the amount paid on the contract by the vendee is less than the contract price.[7] If at any time prior to the final entry of the foreclosure decree the vendor has knowledge that waste has been committed, he should be required to make his claim for damages a part of the foreclosure proceedings so that an adjustment of the respective interests of the vendor and vendee can be reflected in the final decree. The policy behind the rule requiring the plaintiff to seek all available remedies in one action fully applies to the present case.

Plaintiff argues that the complaint in the present proceedings states a cause of action for common law waste and not a cause of action for the breach of the covenant not to permit waste. Plaintiff's complaint (portions of which are set out above in the margin) makes it evident that recovery is sought for breach of contract rather than for breach of the common law duty not to commit waste.

---

[7] The English practice respecting mortgages prior to the Judicature Act of 1875 offers an analogy. Prior to 1875, the entry of a deficiency judgment in an equity suit for strict foreclosure was not permitted. The mortgagee was, however, allowed to bring an action at law on the bond or covenant for the amount remaining due. Such an action on the debt following a strict foreclosure served automatically to reopen the foreclosure and to reinstate the mortgagor's equity of redemption. Tefft, The Myth of Strict Foreclosure, 4 U Chi L Rev 575, 586 (1937).

The American rule in those jurisdictions which permit a deficiency judgment following the strict foreclosure of a mortgage offers another analogy. There, the amount of the deficiency judgment is limited to the difference between the value of the security and the remaining mortgage debt. Osborne, Mortgages, § 312, p 907 (1951).

■ Even if we were to construe the complaint to state a common law action for waste, the policy underlying the doctrine of res judicata would bar recovery in the present action. The relief available under the covenant in the contract is identical with that which could be obtained by bringing a separate common law action for waste. Both foreclosure and damages for waste could have been joined in the original proceeding. The whole matter would have been disposed of and thus the policy of preventing unnecessary proceedings would have been served.[8] The fact that a part of the claim could have been brought under a separate cause of action should not serve as an excuse for not disposing of the same claim when it could have been readily disposed of in the original proceeding.

■ Plaintiff contends that the stipulation under which the foreclosure suit was dismissed as to the defendants Morey preserved his right to bring the present action. There is nothing in the stipulation which even suggests that the defendants consented to the splitting of plaintiff's cause of action.[9] The stipulation provided that the suit "be dismissed with prejudice as to defendants George O. Morey, Jr. and Nora Lee Morey." It further provided that "plaintiff does not waive any of his rights against any *other* party to the above entitled suit and *neither party* waives any rights or admits any liability in any other controversy, suit

---

[8] Restatement, Judgments, § 62 comment, explains the policy behind the rule as follows:

"The rule stated in this Section is based on the idea that where a person has a single cause of action, in the interests of convenience and economy to the public and to the defendant he should be entitled to but one right of action and hence should be required to unite in one proceeding all matters which are part of it. * * *"

[9] Cf., Restatement, Judgments, § 62, comment *m* (1942).

or action between these parties which is presently pending or which may arise in the future" (emphasis added). This clearly preserves defendants' right to raise the defense of res judicata in the present action.

The judgment of the lower court is affirmed.