Argued October 8, affirmed November 20, 1975

STONE, *Appellant, v.* BENEFICIAL STANDARD
LIFE INSURANCE COMPANY, *Respondent.*

542 P2d 892

*Terry G. Hannon,* Gresham, argued the cause and filed a brief for appellant.

*Jeffrey M. Batchelor,* Portland, argued the cause for respondent. With him on the brief were Gearin, Cheney, Landis, Aebi & Kelley.

McALLISTER, J.

This is an action to recover punitive damages because the defendant, according to plaintiff, wilfully and in bad faith refused to pay plaintiff the proceeds of a life insurance policy forcing plaintiff to bring an action against defendant to recover the policy proceeds.

The following facts were alleged in plaintiff's amended complaint. On March 10, 1964 the defendant issued a $10,000 policy of life insurance to Ada Eugenia Barr. Plaintiff Margaret D. Stone was the named beneficiary of that policy. The policy was payable if the insured died as the result of an accident while riding in or operating an automobile. The insured Ada Barr died as a result of an accident while operating her automobile.

That on March 29, 1971 plaintiff Stone submit-

ted to defendant a death certificate and proof of the death of Ada Barr and duly performed all the conditions of the policy.

That "Defendant in a letter dated May 24, 1971, denied plaintiff's claim stating 'We have conducted a thorough investigation surrounding the circumstances of Mrs. Barr's passing,' when in fact, defendant did not investigate the physical facts surrounding the death of Ada Barr."

That plaintiff was forced to file an action against defendant to recover the amount due on the policy and on May 22, 1974 a jury returned a verdict against the defendant for the amount of the policy.

We quote the following from plaintiff's original complaint.

> "Defendant's refusal to pay the proceeds of the insurance policy was made in bad faith, was vexatious and was a willful denial of plaintiff's rights under the contract of insurance. That bad faith breach of the contract damaged plaintiff in the amount of $1,820.01 and plaintiff is entitled to punitive damages in the amount of Fifty Thousand Dollars ($50,000)."

The trial court first allowed a motion to strike from plaintiff's original complaint the phrase "plaintiff is entitled to punitive damages in the amount of Fifty Thousand Dollars ($50,000)." Plaintiff then filed an amended complaint omitting the stricken phrase. Defendant demurred to the amended complaint on the grounds that:

> "(1) it does not state facts sufficient to constitute a cause of action; and,
>
> "(2) the action has not been commenced within the time limited by statute."

The trial court sustained the demurrer to the amended

complaint and when plaintiff declined to plead further entered judgment for defendant. Plaintiff appeals.

In her brief plaintiff characterized her cause of action as follows:

"* * * She [plaintiff] alleges in her second complaint [the original complaint in this case] a right to punitive damages and general damages because of defendant's alleged bad faith breach of the contract."

The contract referred to is the insurance policy upon which plaintiff obtained a judgment in her first case for the full policy proceeds. Plaintiff's rights under the policy were adjudicated in the first action between the parties.

Although the defense of res judicata would ordinarily be raised by answer, both parties seemed to agree that the defense is raised in this case by the allegations of the complaint, which alleges the prior proceedings and judgment and by the striking from the original complaint the claim for punitive damages and the sustaining of the demurrer to plaintiff's amended complaint and the judgment for defendant. The claim for punitive damages was not waived by pleading over. ORS 16.400(2).

In determining whether the doctrine of res judicata applies, the court must first determine whether the second action is on the same cause of action as the first *Gwynn v. Wilhelm*, 226 Or 606, 608, 360 P2d 312 (1961). If it is based on the same cause of action, then the second action is barred by res judicata. This is because:

"The doctrine of *res judicata* is founded upon the policy that one should not twice litigate, on the merits, either as plaintiff or defendant, the same cause of suit or action. * * *." *Ladd v. General Ins. Co.*, 236 Or 260, 265, 387 P2d 572 (1964).

This court recently explained the rationale behind an even broader application of this doctrine:

"The principal purposes of res judicata are prevention of harassment of defendants by successive legal proceedings as well as economy of judicial resources. Its scope is related to the limits upon the various forms of relief which may be requested in one proceeding and the limitations upon amendments to pleadings during trial. As permissible joinder of requests for various forms of relief and amendments during trial become broader and more liberal, the reasons behind res judicata dictate that parties to actions be required to make use of such liberal procedures and not be permitted to protract litigation through a multiplicity of suits or actions which can be disposed of in one proceeding. * * *" *Dean v. Exotic Veneers, Inc.,* 271 Or 188, 531 P2d 266, 268 (1975).

In the case at bar the same parties litigated the first action in which Stone recovered the amount of the policy. Stone is now bringing an action against defendant for its alleged bad faith in the breach of the same contract and for alleged actual damages incurred as the result of having to bring the first lawsuit. It is evident that the present action is based on the same set of operative facts as the first action. Plaintiff could have prayed in the first action for the relief for which recovery is now sought. *Henderson v. Morey,* 241 Or 164, 169, 405 P2d 359 (1965).

■ In her brief the plaintiff Stone discusses with some ambiguity the theory of tortious breach of contract as developed in California, but concludes with the statement "what difference does it make whether the plaintiff proceeds on a contract or tort theory in trying to recover punitive damages for a bad faith breach of an insurance contract?" We agree that for the purposes of res judicata it does not matter whether the first action was in contract and the second sounds

in tort. It is the cause of action itself and not the form in which the subsequent action is brought that determines whether res judicata applies. *Nusom et ux v. Fromm et ux,* 217 Or 36, 41, 340 P2d 186 (1959); *Assoc. Oil Co. v. Edgerton,* 158 Or 607, 611, 77 P2d 416 (1938). The doctrine always applies where the parties are the same and the subsequent action is sought to be maintained on the same claim or demand. *Grant v. York et al,* 233 Or 491, 494, 378 P2d 962, 35 ALR³ 868 (1963). We need not decide whether we would recognize an action for tortious breach of contract. It is the rule in any case that because part of the claim could have been brought under a separate cause of action, it is no excuse for not applying res judicata when that portion of the claim could have been readily disposed of in the original proceeding. *Henderson v. Morey,* supra, 241 Or at 172.

Plaintiff Stone's reliance on *Jones v. Flannigan,* 270 Or 121, 526 P2d 543, 545 (1974) is misplaced as that was not an action based on the same claim or demand as in the first proceeding.

■ Since plaintiff's claims could have been litigated in the first action, the doctrine of res judicata bars plaintiff's action in this case. The demurrer was properly sustained.

The disposition of this case on res judicata makes it unnecessary to consider the other issues on appeal.

The judgment is affirmed.