572 P.2d 509

**Wayne E. ELLIS and J. Evelyn Ellis, husband and wife, Plaintiff-Appellants,**

v.

**Delwin W. BUTTERFIELD and Clara R. Butterfield, husband and wife, Defendant-Respondents.**

**No. 12086.**

Supreme Court of Idaho.

Jan. 4, 1978.

---

## ON DENIAL OF PETITION
## FOR REHEARING

BAKES, Justice.

The appellants filed a petition for rehearing asserting that the Court has, among other things, "failed to accurately analyze the facts and pleadings in this case . . ." However, most of the facts relied upon by appellants in their petition for rehearing, i. e., the alleged $5,000 improvements on the property; the negotiations with the vendors subsequent to the default and termination, were not facts established at the trial of the matter, but were facts alleged by appel-lants in their affidavit in support of their motion for new trial. Having affirmed the trial court's denial of the motion for new trial, the record made at trial does not support petitioners' arguments.

Petition for rehearing denied.

BISTLINE, Justice, dissenting.

Appellants in a thorough brief supporting their petition for rehearing make two points which I believe merit mentioning. They urge convincingly that the Court uses an equity coin with both sides marked "seller." With good reason they complain that the Court does not distinguish the rationale of *Haas v. Coburn*, 22 Idaho 47, 124 P. 476, and that the Court assumes that in an exercise of its equity powers, a trial court is helpless to intervene in the interests of justice and allow a redemption period.

Appellants also point out that while *Howard v. Bar Bell* is apparent authority for placing upon the purchaser the burden of establishing unconscionable damages, just the opposite, and what I believe to be the more equitable, rule was set forth in *Walker v. Nunnenkamp:*

> This Court in actions involving land sale contracts has, in proper cases, required the vendors to make affirmative proof of damages to forestall injustice to vendees. *Walker v. Nunnenkamp*, 84 Idaho 485, at 498, 373 P.2d 559, 567 (1962).

*Walker v. Nunnenkamp* was an excellent treatise on the subject matter, leaving me at a loss to explain why its teachings should not be followed and expanded.

Appellants have at all times, both in the trial court, and here, primarily urged that where they were still in possession, as was true in *Haas*, equity would excuse their lateness in tendering a complete payoff in view of the injustice they would suffer if equity would prefer to allow forfeiture. In the dissenting opinion I sought to point out the accuracy of that contention. Primarily, though, I have always been of the view that in nearly all of these contract cases, where there has been performance over a number of years, and in many instances assignments by both the original vendors and

vendees, and second and third assignments, the only practical solution, and a just one, is that equity settle the matter by a judicial sale. *Walker v. Nunnenkamp, supra,* is not only sound authority for those propositions for which I previously cited it, but in recognizing these contract-forfeiture cases as being "controlled entirely by equitable principles," went on to hold that "the court in its wisdom may deem it proper and equitable to direct a judicial sale of the property involved." *Walker,* 84 Idaho at 498–9, 373 P.2d at 568.

Generally, when fairness and the equities of a case so dictate, courts have the *inherent power* to order that property subject to an installment land sale contract be sold by judicial sale. III American Law of Property, § 11.74 (1952); *Blondell v. Beam,* 243 Or. 293, 413 P.2d 397 (1966) (significant appreciation in value and small unpaid contract balance remaining on contract indebtedness); *Henderson v. Morey,* 241 Or. 164, 405 P.2d 359 (1965) (sale proceeds will exceed unpaid contract balance). Time still remains for the Court to instruct the trial court that if it be found that, because of insufficient or inconclusive evidence, it is unable to accurately determine damages or *for any other equitable* reason find judicial sale more appropriate, a judicial sale should be ordered. An inherent power, not exercised when justice demands that it should, might not as well exist.