70 F.3d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ELECTRIC MUTUAL LIABILITY INSURANCE COMPANY, a Massachusetts
corporation, Plaintiff-Appellant,
v.
UNION PACIFIC RAILROAD, a Utah Corporation, Defendant-Appellee.
 No. 94-35022.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 13, 1995.
Decided Nov. 8, 1995.
 
 1
 Before: HUG and FERGUSON, Circuit Judges, and SCHWARZER, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Electric Mutual Liability Insurance Company (Electric) brought this action to recover money it paid for damage to an electrical transformer that had been shipped by General Electric Company (GE), its insured, over the line of defendant Union Pacific Railroad (UP). On cross-motions for summary judgment, the court below entered judgment for UP. Electric now appeals. Jurisdiction below was founded on 49 U.S.C. Sec. 11707(a)(1) (1988) (the Carmack Amendment) and 28 U.S.C. Sec. 1331. We have jurisdiction under 28 U.S.C. Sec. 1291.
 
 FACTS.
 
 4
 Pacific Power and Light (PPL) owned a large electrical transformer which was damaged by lightning sometime in 1987. PPL shipped the transformer to General Electric Company (GE) in Southern California for repair. When the repairs were finished, GE shipped the transformer to PPL via UP. On arrival at its destination, inspection disclosed that the transformer was damaged. PPL submitted a claim for the damage to UP which denied the claim. PPL then brought suit in Oregon state court against UP, GE and a trucking company. The jury returned a verdict for PPL against UP and GE in the aggregate amount of $148,408.60, including prejudgment interest and costs. It allocated eighty-seven and a half percent of the fault to GE and twelve and a half percent to UP.
 
 
 5
 Because the judgment was for the full amount against each of the defendants, PPL entered into a covenant with UP not to enforce the judgment against UP; in exchange, UP paid PPL $35,000 and agreed to dismiss its appeal. GE appealed the judgment to the Oregon Court of Appeals which affirmed. Electric, as GE's insurer, paid PPL $137,398.92. In this action, Electric, as GE's subrogee, seeks to recover from UP the amount Electric paid PPL in satisfaction of the state court judgment.
 
 
 6
 DISCUSSION.
 
 
 7
 Electric contends that UP must indemnify Electric for the amount it paid PPL in compensation for damage PPL's transformer sustained during shipment by way of UP. Electric's theory is that the Carmack Amendment imposes absolute liability on a carrier for damage sustained in transit, unless the carrier demonstrates that it was completely free from fault. Electric argues that, because the jury found UP negligent to some degree, UP must bear responsibility for the entire loss. Thus, as one standing in the shoes of the shipper, Electric claims to be entitled to indemnity. The court below rejected that argument, holding that "the Carmack amendment does not grant a claim for indemnification to a shipper/consignor against the carrier for damages to the property shipped." We review a grant of summary judgment de novo. Iolab Corp. v. Seaboard Sur. Co., 15 F.3d 1500, 1503 (9th Cir.1994). We affirm, though on somewhat different reasoning.
 
 
 8
 The only rights Electric has here are those it acquired by subrogation to its insured, GE; Electric's rights are no greater than GE's rights. GE, and thus Electric, has no right to sue UP based on its liability for damage to the transformer, because UP's liability in comparison to GE has already been litigated. Under principles of res judicata, the state court judgment now bars Electric's action.
 
 
 9
 Under the Carmack Amendment, the "carrier ... that delivers the property and is providing the transportation ... [is] liable to the person entitled to recover under the receipt or bill of lading." 49 U.S.C. Sec. 11707(a)(1). The parties agree that either the shipper or the consignee is entitled to sue under the bill of lading for damage to property tendered to a common carrier for shipment. Automated Donut Sys. v. Consol. Rail Corp., 424 N.E.2d 265, 267-68 (Mass.1981). In this case, the consignee, PPL, sued and recovered. It also named GE and the trucking company as defendants, thereby bringing all potentially responsible parties before the court. In its defense, UP alleged that the transformer had not been properly assembled and packaged for rail shipment. GE was thus put to its proof to show that the damage was UP's responsibility and not its own. However, GE had only limited success. In assessing eighty-seven and a half percent of the fault against GE, the jury obviously rejected GE's attempt to lay all the loss on UP. Now Electric, GE's insurer, stands in GE's shoes and seeks another bite at the apple. Res judicata prevents this.
 
 
 10
 Res judicata applies where the parties are the same and the subsequent action is based on the same claim or demand. Stone v. Beneficial Standard Life Ins. Co., 542 P.2d 892, 894 (Or.1975). Because Electric merely stands in the shoes of GE, both parties before this court now were before the state court in the previous action. And, the issue Electric seeks to have litigated--the distribution of liability between GE and UP--is the same.
 
 
 11
 The fact that GE did not plead a crossclaim against UP does not in this case allow GE to escape the effect of res judicata. GE could have pleaded by way of cross-claim that the Carmack Amendment made UP fully liable for the damage to the transformer and therefore would require UP to indemnify GE if GE were held liable. Although, as a general rule, res judicata does not bar a claim that could have been brought as a non-compulsory counterclaim or crossclaim, a party cannot recover in a separate action on a claim it failed to plead as a crossclaim in a prior action if that claim was necessarily determined in the first action. See Colhouer v. Union Pacific R.R., 551 P.2d 1291 (Or.1976). Here, Electric's claim was necessarily decided in the previous suit because it turns on whether UP is liable for the total amount of damage to the transformer. The jury in the state court action already decided that UP is not liable for the total amount of damage. Thus, res judicata precludes Electric from relitigating the comparative liability of GE and UP under a new legal theory.
 
 
 12
 The district court's judgment is affirmed. Costs to appellee.
 
 
 
 *
 The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3