Argued October 15, 1930; reversed March 10; rehearing denied
April 14, 1931

# J. W. COPELAND YARDS *v.* SHERIDAN ET AL.
## (296 P. 838, 297 P. 837)

*Calkins & Calkins,* of Eugene, for appellants.
*H. E. Slattery,* of Eugene, for S. R. Allen.

BEAN, C. J. This suit was instituted by plaintiff to foreclose a mechanic's lien for materials furnished and delivered for the construction of buildings on a certain lot amounting to the sum of $674.68, $3.65 for the expense of filing the claim of lien, and $200 as attorney's fees.

This suit, by an order of the court made on April 30, 1929, was consolidated and thereafter heard with the suit of *E. G. Jurgens v. T. J. Sheridan et al.,* this day decided. There was no order or stipulation that the pleadings in one suit would in any way affect the other suit. The testimony in the two cases was taken together. Two separate decrees were rendered in the suits. The decree in the present suit, which we will term the lien case, dismissed the suit denying the lien of plaintiff and the liens of the defendants. The plaintiff and the defendants who were lien claimants appealed. We will therefore, in order not to confuse the two suits too much, consider the lien foreclosure suit first.

The complaint is in the usual form. At the time of the construction of the buildings, F. L. Chambers was the record owner of the land upon which they were constructed, and it is alleged that the defendant H. W. Melby was the contractor and agent of defendant F. L. Chambers. It appears that one S. R. Allen at that time had a contract to purchase the lot in question, and afterwards a conveyance was executed by Chambers to defendant S. R. Allen.

The following defendants, by their answers and cross-complaints, set up liens upon the same buildings and lot: T. J. Sheridan, $109.50, filing and recording $5.25, attorney's fee $55; J. R. Sheridan $91.50, filing and recording $5.25, attorney's fee $55, and James E. Kindred, $113.50, filing and recording $5.25, attorney's fee $55, all of which were filed March 7, 1928; Ruth-Robertson Powder Company $195.55, filing and recording $3, attorney's fee $25, filed March 12, 1928; John F. Howell, $86.55, filing and recording $2.75, attorney's fee $15, filed March 19, 1928; Lane Hardware Company, Inc., $121.75, filing and recording $3, attorney's fee $25, filed March 23, 1928; N. T. Jorgenson, $252.92, filing and recording $2.75, attorney's fee $50, filed March 26, 1928, the last three named liens being assigned and transferred to defendant Ruth-Robertson Powder Company for the purpose of foreclosing the same; Raymond Marlatt, $183.50, filing and recording $7.45, attorney's fee $100, filed April 19, 1928; L. B. Sigwart $92.50, filing and recording $7.05, attorney's fee $50, filed May 26, 1928. Each of the answers contained allegations supporting the respective liens of defendants.

The title to lot 10, block 12, Driverton addition to Eugene, except the north nine feet thereof, was regis-

tered under the Torrens System Act. The several liens of the plaintiffs and defendants were memorialized in the certificate of title registry of Lane county. The suit was commenced June 12, 1928, within the time provided by statute.

On July 12, 1928, defendants F. L. Chambers and Edith K. Chambers filed an answer to the complaint and cross-complaint denying the allegations of the complaint and cross-complaints and alleging that the real property in question was once owned by defendants Chambers and sold to defendant Sidney R. Allen under contract of sale prior to the transactions set out in the pleadings and disclaimed any further interest in the suit or property involved.

S. R. Allen, defendant, who became owner of the lot on July 11, 1928, filed a demurrer to the complaint and the pleadings of James E. Kindred, T. J. Sheridan, J. R. Sheridan and Ruth-Robertson Powder Company, and thereafter on August 10, 1928, filed an answer denying every allegation of the complaint and the answers and cross-complaints and counterclaims, except as affirmatively alleged, and further averred that he was owner in fee simple of the lot described; that the real estate was not in the actual possession of any person other than the defendant Allen; that his title was superior to the interest of the other parties to the suit, and prayed that the title to the lot be quieted in him. Appropriate replies were filed to the several answers and cross-complaints.

On January 22, 1929, one E. G. Jurgens filed for record a general warranty deed of the property in question from S. R. Allen. On February 19, 1929, on motion of plaintiff, supported by affidavit, it was ordered by the court that E. G. Jurgens be added as a

party defendant in the suit and that summons issue, directed to and served upon him, directing that he appear and answer.

Thereafter on March 6, 1929, the summons was filed showing service on E. G. Jurgens. On motion of plaintiff, default against defendant E. G. Jurgens reciting that

"It appearing that the said defendant E. G. Jurgens was duly served with the summons in Lane county, Oregon, on the 21st day of February, 1929, by the sheriff of said county, and that he has failed to appear or answer herein within ten days thereafter or at all," it was ordered and adjudged that said defendant E. G. Jurgens was in default and his default was entered therein.

■ The proceedings to foreclose the several liens were instituted within the time provided by law. Defendant E. G. Jurgens indirectly, or in another suit, claims to be purchaser in good faith and for a valuable consideration of the realty in controversy. After he was made a party to this suit and duly served with summons it was incumbent upon him, if he had such claim, to allege and prove that he purchased the real estate in good faith for a valuable consideration; that he had no notice whatever at the time of the several claims of plaintiff and the other defendants. This he entirely failed to do. See *Rhodes v. McGarry,* 19 Or. 222, 229 (23 P. 971); *Bailey v. Hickey,* 99 Or. 251 (195 P. 372); *Heitkemper v. Schmeer,* 130 Or. 644, 664 (275 P. 55, 281 P. 169). This rule has been unquestioned for many years.

■ A judgment or default in this suit now stands against the defendant E. G. Jurgens. The effect of a default upon the standing and rights of the defaulting party is, except under certain circumstances not ap-

plicable here, until the default is set aside, that he has no further right to plead: 3 Freeman on Judgments (5th Ed.), § 1281. As a judgment is conclusive as to admitted or uncontested matters upon which it is founded, a judgment by default where personal jurisdiction of the defendant has been obtained, is as conclusive either as an estoppel or bar as a judgment in a contested case. It is of the same force and effect and has the same legal consequences as if there had been a verdict for the plaintiff. The conclusiveness of the judgment upon the rights of parties in no wise depends upon its form or upon the fact that the court investigated or decided the legal principles involved. A judgment upon default is in its nature just as conclusive upon the rights of the parties before the court as a judgment upon demurrer or verdict. A default judgment is a complete adjudication of all the rights of the parties embraced in the prayer for relief and arising from the facts stated in the pleadings: 2 Freeman on Judgments, § 662.

█ In the other suit which we will hereafter consider separately, the defendant E. G. Jurgens claims to be the owner in fee simple of the real estate in suit and that no lis pendens notice of the proceedings to foreclose the several liens was filed with the registrar or any memorial thereof entered upon the registry of certificates of title under section 63-383, Oregon Code 1930, and therefore Jurgens had no notice of the pendency of the foreclosure proceedings. The lack of such notice would not forfeit the rights of the claimants unless the defendant was an innocent purchaser in good faith for a valuable consideration or some matters were set up in the pleadings showing that the want of notice had effected some transfer or right of a third party which, as we have already stated, does not appear in the present suit.

The decree of the circuit court dismissing the complaint and the cross-complaint and counterclaims of the defendants will be reversed and a decree is directed to be entered in favor of the plaintiff and the defendant lien claimants foreclosing the several liens as alleged in the several pleadings and as sustained by the proof herein.

For convenience and in order that uniformity may be preserved in the court from which this appeal is taken in fixing the amount of attorney's fees, the cause will be remanded to the circuit court for the determination of the attorney's fees to be allowed and the entering of the decree in accordance herewith.

Reversed and remanded.

BROWN, ROSSMAN and KELLY, JJ., concur.

---

Rehearing denied April 14, 1931

ON PETITION FOR REHEARING
(297 P. 837)

BEAN, C. J. The petition of S. R. Allen for a rehearing says the court erred in allowing the claims of the following lien holders when they did not both plead and prove that they had given the said S. R. Allen the five days' notices, as required by § 51-101, Oregon Code 1930, "that they were furnishing material to enter into the construction of the building, to wit: Copeland Yards, Ruth-Robertson Powder Co., Lane Hardware Co., N. T. Jorgensen, L. B. Sigwart, and Raymond Marlatt."

■ The work was done during the winter of 1927 and spring of 1928, and notices were given to F. L. Chambers, who at that time was the record owner of the property involved. It is not sufficient for Allen, who

held some unrecorded contract pertaining to the real estate, to say that the required notices were not given to him. Notice of furnishing material for which a lien may be claimed is required "not later then five days after the date of the first delivery, to any contractor or agent" of such material or supplies, to be delivered or mailed "to the owner of (or) reputed owner of the property" on which said materials are to be used: Oregon Code 1930, § 51-101.

Chambers was served with notice to produce the five days' notices. Chambers appears by Mr. C. A. Hardy, his attorney, and admitted, as shown by the record, that claimants filed their claims of lien and that the five days' notices of furnishing materials and the seven days' notice of commencing the suit to foreclose the liens had been given to Chambers in accordance with the statute. Chambers' answer discloses that he afterwards conveyed the property to S. R. Allen. Therefore, he stepped "out of the picture." S. R. Allen, who afterwards took a deed of the real estate from Chambers and wife, was not entitled to have the notices given to him. The service of the several five days' notices upon Chambers, the owner of the property, was a compliance with the statute. The several five days' notices appear to be in the record as exhibits.

In view of the admission referred to above, which the trial court mentioned several times during the trial, we do not deem it necessary to detail the testimony in regard to giving the several notices.

The other questions referred to in the petition were fully disposed of in our former opinion.

Petition for rehearing denied.

BROWN, ROSSMAN and KELLY, JJ., concur.