Argued April 7, affirmed April 13, petition for rehearing
denied May 10, 1966

## STATE EX REL NILSEN v. DENT

413 P. 2d 58

*A. C. Yaden*, Klamath Falls, argued the cause and filed briefs for appellant.

*H. J. Belton Hamilton* and *Dale W. Conn*, Assistant Attorneys General, Portland, argued the cause for respondent. With them on the brief were Robert Y. Thornton, Attorney General, Salem, and Thomas N. Trotta, G. Dwyer Wilson, and Albert L. Menashe, Assistant Attorneys General, Portland.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and SCHWAB, Justices.

PER CURIAM.

The Commissioner of Labor brought action under ORS 652.330 for the collection of wages alleged to be due certain workmen. Defendant counterclaimed for certain alleged overpayments and advances for expenses. Defendant appeals from an adverse judgment following a verdict.

The only assignment of error asserts that the defendant was denied both due process of law and equal protection of the laws because the Commissioner of Labor was represented with reference to the counterclaim by counsel furnished at public expense (an assistant attorney general), while the defendant was required to compensate his own attorney if he wanted one.

By ORS 652.330 and related sections, the Legislative Assembly has empowered the Commissioner of Labor to take assignments and to prosecute the collection of wages in the manner followed in this case. The Commissioner is required by law to utilize the services of the Attorney General. ORS 180.220. The defendant has cited no authority which suggests that a public official may not assist a private person in the vindication of a right which the Legislative Assembly deems to be a matter of public interest. The counterclaim in the case at bar became an integral part of the controversy, at the election of the defendant. Oregon does not have a compulsory counterclaim statute. *Buck v. Mueller,* 221 Or 271, 351 P2d 61 (1960); but see *Gwynn v. Wilhelm,* 226 Or 606, 360 P2d 312 (1961)

(dictum). Having elected to litigate the counterclaim in the same trial as the wage claim, the defendant cannot complain about the representation of the wage claimants.

Affirmed.