Argued and submitted August 12, summary judgment reversed;
remanded for trial October 26, 1981

BRANDANO et ux,
*Appellants - Cross-Respondents,*

*v.*

NORPA DEVELOPMENT, INC.,
*Respondent - Cross-Appellant.*

(No. 22,654, CA 18691)

635 P2d 6

Michael T. Garone, Portland, argued the cause and filed the reply brief for appellants - cross-respondents. With him on the brief was Jolles, Sokol & Bernstein, P. C., Portland. Bernard Jolles and Jolles, Sokol, Bernstein & Aitchison, P. C., Portland, filed appellants' brief.

Gary R. Luisi, Hermiston, argued the cause and filed the brief for respondent - cross-appellant.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

**ROBERTS, J.**

This case is the sequel to a suit to cancel a deed brought by defendant against plaintiffs and the First National Bank of Oregon. In that case the trial court found that First National Bank had failed to follow escrow instructions in delivering the deed to plaintiffs and ordered cancellation of the deed. Plaintiffs then filed this suit, seeking specific performance of the earnest money agreement, or in the alternative, restitution of money advanced to defendant or damages. The court granted defendant's motion for summary judgment on the ground that plaintiff's claim could have been asserted as a counterclaim in the cancellation suit and was therefore barred by the doctrine of *res judicata.*

After the trial court's ruling, this court decided *Burlington Northern v. Lester,* 48 Or App 579, 617 P2d 906 (1980). In *Burlington* we said:

"This court and the Oregon Supreme Court have repeatedly stated that

" '[r]es judicata applies not only to every claim included in the pleadings but also to every claim which could have been alleged under the same aggregate of operative facts which compose a single occasion for judicial relief. *Taylor v. Baker,* 279 Or 139, 144, 566 P2d 884 (1977); *see also Troutman v. Erlandson,* 287 Or 187, 598 P2d 1211 (1979); *Dean v. Exotic Veneers Inc.,* 271 Or 188, 531 P2d 266 (1975); and *Gittelsohn v. City of Cannon Beach,* 44 Or App 247, 605 P2d 743 (1980.)'

"However, requiring * * * *a defendant* to raise its claim against a plaintiff or be forever barred from asserting it would, in effect, create a law of compulsory counterclaim in Oregon. The law in this state is to the contrary. [Footnote omitted.]

"The general rule is that, in the absence of a compulsory counterclaim statute:

" 'The defendant is not required to set up a counterclaim and his failure to do so does not preclude him from bringing a separate action against the plaintiff on the separate cause of action which was available to him as a counterclaim. This rule, however, is subject to the qualification that a party cannot recover in a separate action on a cause of action which he failed to plead in a prior action by way of setoff or counterclaim but which

was necessarily adjudicated by a former judgment.' *Gwynn v. Wilhelm,* 226 Or 606, 610, 360 P2d 312 (1961); *see also Colhouer v. Union Pacific R. R.,* 275 Or 559, 563, 551 P2d 1291 (1976); *Buck v. Mueller,* 221 Or 271, 277, 351 P2d 61 (1960); Annot., 8 ALR 694 (1920).

"This rule applies even in the case where the same facts 'constitute both a ground for a defense and a ground for a counterclaim.' *Buck v. Mueller, supra,* 221 Or at 277." *Burlington Northern v. Lester, supra,* 48 Or App at 583-584.

It makes no difference that this is a suit in equity and *Burlington* involved an action at law. *See* ORCP 2.[1] Plaintiff's claims were not decided in the previous suit; the only issue decided at that time was that the bank had wrongfully delivered the deed. It was therefore error to grant defendant's motion for summary judgment.[2]

The summary judgment for defendant is reversed; the case is remanded for trial.

---

[1] ORCP 2 provides, in part:

"All procedural distinctions between actions at law and suits in equity are hereby abolished, except for those distinctions specifically provided for by these rules, by statute, or by the constitution of this state."

[2] Defendant cross-appeals from the order denying its motion to file an amended answer incorporating a claim for rents lost due to a preliminary injunction granted plaintiff. This matter may be litigated on remand.