Argued and submitted January 11, affirmed May 25, 1983

# GENERAL INSURANCE COMPANY OF AMERICA,
*Appellant,*

*v.*

# DEERE & COMPANY et al,
*Respondents.*

(81-0748; CA A24678)

663 P2d 790

Carrell F. Bradley, Hillsboro, argued the cause and filed the brief for appellant.

Don G. Carter, Portland, argued the cause for respondent. With him on the brief was McEwen, Newman, Hanna & Gisvold, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

This is an action to recover litigation expenses incurred by plaintiff in defending actions brought against plaintiff's insured by third parties. Plaintiff appeals from a judgment for defendants that was rendered pursuant to an order granting defendants' motion for summary judgment on the ground that the present action was barred by res judicata. We affirm.

We summarize the relevant facts alleged in the pleadings. In June, 1977, plaintiff's insured (Buchholz) purchased a combine from defendant Cascade Tractor and Implement Co. (Cascade). The tractor was manufactured by defendants Deere & Company and John Deere Company (Deere). In August, 1977, while Buchholz was operating the combine, a fire started in a field and spread to neighboring properties. The neighbors brought actions against Buchholz, alleging negligence, and against Cascade and Deere, alleging negligence and the sale of a dangerously defective combine. Buchholz tendered his defense to Cascade and Deere, but the tender was refused. Plaintiff, as Buchholz' insurer, then undertook the defense of the actions for Buchholz. Buchholz filed a cross-claim against Cascade and Deere, alleging that by reason of their negligence, breach of warranty and product liability they should indemnify Buchholz from any judgment recovered against him, together with his costs of defense in that event. The cross-claim did not allege Buchholz' entitlement to recover his defense costs in the event he was successful in his defense of the actions. The several actions were consolidated for trial. The jury determined that Cascade and Deere were negligent and that they had sold a defective product. The jury exonerated Buchholz by finding that he was not negligent. Judgment was entered in accordance with the verdict.

Plaintiff brought the present action to recover from Cascade and Deere the expenses incurred in defending Buchholz in the prior action, contending that Buchholz' defense costs were caused by defendants' negligence and defective product. The parties filed cross-motions for summary judgment. The trial court reasoned that plaintiff's action was barred by res judicata and granted defendants summary judgment.

It has been said generally of res judicata:

"[T]he doctrine * * * applies when a subsequent action is brought by one party against another party to a prior suit. If the two cases involve the same 'claim, demand, or cause of action,' then the judgment in the first suit not only bars all matters actually determined, but also every other matter which might have been litigated and decided as incident to or essentially connected therewith either as a claim or a defense." *Western Baptist Mission v. Griggs,* 248 Or 204, 209, 433 P2d 252 (1967).

The sweep of res judicata was expanded in *Dean v. Exotic Veneers, Inc.,* 271 Or 188, 196, 531 P2d 266 (1975), where the court defined a cause of action as "an aggregate of operative facts which compose a single occasion for judicial relief." In *Colhouer v. Union Pacific R. R.,* 275 Or 559, 551 P2d 1291 (1976), the court held that res judicata can bar a subsequent claim by a defendant whose entitlement to relief was an issue determined in a prior action.

Res judicata clearly applies to this case, because in the prior action Buchholz filed a cross-claim involving the same aggregate of operative facts. He chose to seek only limited indemnity, contingent on his being found liable. It is evident that Buchholz could have included with his cross-claim a claim for the relief now sought. Under *Colhouer,* res judicata applies.

The trial court did not err in granting summary judgment for defendants.

Affirmed.