Submitted on record and briefs October 3, 1983, affirmed January 11, 1984

# CONNER et ux,
*Appellants,*

*v.*

# DELON OLDSMOBILE CO.,
*Respondent.*

(76368; CA A28164)

674 P2d 1180

Daniel K. Conner and Alison Conner, Halsey, filed the brief pro se for appellants.

William C. Crothers, Jr., Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs brought this action for misrepair of their automobile. Defendant moved for summary judgment on the ground that the action was barred by *res judicata* on the basis of plaintiffs' counterclaim in an earlier action by defendant on a check. The motion was granted, and plaintiffs appeal. We affirm.

The pleadings and the documents submitted in support of defendant's motion for summary judgment disclose this sequence of events. In November, 1980, defendant overhauled the transmission of plaintiffs' car. In March, 1981, plaintiffs took the car to defendant to ask about a whine in the transmission, and plaintiffs learned from an employe that the noise was nothing serious. The following October the transmission failed, and defendant performed repairs. One attendant in defendant's shop told plaintiffs that the cause of the damage was depletion of transmission fluid. Plaintiffs stopped payment on a check for $853.81 for defendant's repairs. They then sent defendant a smaller check in offer of settlement, stating that they felt the repairs were necessitated by defendant's negligence and expressing dissatisfaction with other actions of defendant, including a failure to inform plaintiffs that the repairs would be more expensive than estimated. Defendant refused the offer of settlement and in January, 1982, sued plaintiffs on the first check. Plaintiffs counterclaimed, seeking actual and punitive damages, alleging that in October, 1981, defendant committed an unlawful trade practice by dismantling and performing service on their car in violation of ORS 646.608(1)(m).[1] Defendant was awarded judgment, and plaintiffs' counterclaim was dismissed.

Plaintiffs, in the present action, seek damages for misrepair of their automobile, alleging that when defendant overhauled the transmission in November, 1980, it installed a

---

[1] ORS 646.608(1)(m) provides:

"(1) A person engages in an unlawful practice when in the course of the person's business, vocation or occupation the person:

"* * * * *

"(m) Performs service on or dismantles any goods or real estate when not authorized by the owner or apparent owner thereof;

"* * * * *"

defective seal, failed to replenish the transmission oil reservoir, and, in March, 1981, misdiagnosed the transmission whine, resulting in the October, 1981, transmission failure.

■■ Citing *Burlington Northern v. Lester,* 48 Or App 579, 617 P2d 906 (1980), and *Brandano v. Norpa,* 54 Or App 387, 635 P2d 6 (1981), plaintiffs first argue that in the absence of a compulsory counterclaim rule, a party cannot be barred from asserting a claim because it was not joined in a previous counterclaim. In those cases we said that a defendant cannot be compelled, under the threat of application of *res judicata,* to assert a counterclaim.

"\* \* \* [R]equiring \* \* \* *a defendant* to raise its claim against a plaintiff or be forever barred from asserting it would, in effect, create a law of compulsory counterclaim in Oregon. The law in this state is to the contrary.

"The general rule is that, in the absence of a compulsory counterclaim statute:

" 'The defendant is *not* required *to* set up a counterclaim and his failure to do so does not preclude him from bringing a separate action against the plaintiff on the separate cause of action which was available to him as a counterclaim. This rule, however, is subject to the qualification that a party cannot recover in a separate action on a cause of action which he failed to plead in a prior action by way of setoff or counterclaim but which was necessarily adjudicated by a former judgment.' *Gwynn v. Wilhelm,* 226 Or 606, 610, 360 P2d 312 (1961); *see also Colhouer v. Union Pacific R.R.,* 275 Or 559, 563, 551 P2d 1291 (1976); *Buck v. Mueller,* 221 Or 271, 277, 351 P2d 61 (1960); Annot., 8 ALR 694 (1920).

"This rule applies even in the case where the same facts 'constitute both a ground for a defense and a ground for a counterclaim.' *Buck v. Mueller, supra,* 221 Or at 277. \* \* \*" *Burlington Northern v. Lester, supra,* 48 Or App at 583-84; *Brandano v. Norpa, supra,* 54 Or App at 389-90. (Footnote omitted.)

Thus, in many cases, a defendant may choose merely to defend against a plaintiff's claim and save counterclaims for another day. However, plaintiffs here did more than defend; they filed their own claim against defendant. Once a defendant chooses to assert a counterclaim, we conclude that the rules of *res judicata* apply the same as they would to a plaintiff filing a claim.

In *General Ins. of America v. Deere & Co.*, 63 Or App 360, 663 P2d 790 (1983), we applied *res judicata* against a plaintiff who had filed a cross-claim against the same defendants in a previous case. The general rule that a party is not later barred merely because it could have filed it as a cross-claim in a previous case, *see Colhouer v. Union Pacific R.R.*, 275 Or 559, 563, 551 P2d 1291 (1976), did not prevent our application of *res judicata* in *Deere.* The same approach should apply to counterclaims.

■ Having rejected plaintiffs' argument that *res judicata* does not apply because of their previous status as counterclaimants, we consider whether the general requirements for *res judicata* have been met. Any matters which plaintiffs did or could have litigated in the first action are barred if the cases are based on the same aggregate of operative facts which compose a single occasion for judicial relief. *See Dean v. Exotic Veneers, Inc.*, 271 Or 188, 196, 531 P2d 266 (1975).

The policies underlying the doctrine of *res judicata* indicate its application here. In *Troutman v. Erlandson*, 287 Or 187, 205-207, 598 P2d 1211 (1979), the Supreme Court quoted Restatement (Second) of Judgments, § 24, 196-199 (1982):[2]

"(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar * * * the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

"(2) What factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

"* * * * *

"* * * The expression 'transaction, or series of connected transactions,' is not capable of a mathematically precise definition; it invokes a pragmatic standard to be applied with

---

[2] Then the American Law Institute's Tentative Draft No. 5 of March 10, 1978, Restatement (Second) of the Law of Judgments, § 61.

attention to the facts of the cases. And underlying the standard is the need to strike a delicate balance between, on the one hand, the interests of the defendant and of the courts in bringing litigation to a close and, on the other, the interest of the plaintiff in the vindication of a just claim.

"* * * * *

"In general, the expression connotes a natural grouping or common nucleus of operative facts. * * * Though no single factor is determinative, the relevance of trial convenience makes it appropriate to ask how far the witnesses or proofs in the second action would tend to overlap the witnesses or proofs relevant to the first. If there is a substantial overlap, the second action should ordinarily be held precluded. But the opposite does not hold true: even when there is not a substantial overlap, the second action may be precluded if it stems from the same transaction or series."

See also *Bankston v. Hooper,* 46 Or App 431, 611 P2d 1179, *rev den* 289 Or 903 (1980).

■ The claim raised in plaintiffs' complaint relates to the course of repair of their car, culminating in the repair which followed the transmission failure. Although the previous case dealt only with that final repair, we conclude that plaintiffs should have raised with their previous counterclaim all the claims that defendant was liable for the cost of that repair. Plaintiffs' letter explaining their reasons for stopping payment on the check indicates that the treatment of the unfair trade practice claim and the misrepair claim as a unit would conform "to the parties' expectations or business understanding or usage."

■ Plaintiffs argue that they should not be barred from raising the issue of misrepair, because it was not actually litigated in the previous case. However, when a claim relates to the same cause of action, a plaintiff is also barred from raising any claims that *could have been litigated* in the previous case. *Dean v. Exotic Veneers, Inc., supra.* Plaintiffs could have joined the claim for misrepair. ORCP 22A.

Affirmed.