Janet M. FIEDLER, a minor by Raymond
L. FIEDLER, her guardian ad litem,
and Raymond L. Fiedler, individually,
Appellees,

v.

RELIANCE ELECTRIC
COMPANY, Appellant.

No. 86–5117.

United States Court of Appeals,
Eighth Circuit.

Submitted March 10, 1987.

Decided July 15, 1987.

Duane E. Arndt, Minneapolis, Minn., for
appellant.

Peter H. Berge, Minneapolis, Minn., for
appellees.

Before McMILLIAN, BOWMAN, and
WOLLMAN, Circuit Judges.

BOWMAN, Circuit Judge.

Reliance Electric Company (Reliance), defendant below, appeals from the District Court's dismissal without prejudice of plaintiffs' action pursuant to the "exceptional circumstances" test set forth by the Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and expanded upon in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). We affirm.

Plaintiff Raymond Fiedler, a Minnesota resident, brought this action in Minnesota state court on behalf of his daughter, Janet Fiedler, when Janet lost four fingers in a Reliance vacuum pump motor used on the Fiedlers' farm. The action was premised on Minnesota state law, with the complaint stating strict liability, breach of warranty, and negligence claims against Reliance. Reliance, a Delaware corporation, removed the case to federal district court in Minnesota pursuant to 28 U.S.C. § 1441. The removal was based on diversity jurisdiction. 28 U.S.C. § 1332. Following removal, plaintiffs' attorneys determined that an additional defendant, the distributor of the Reliance motor, Frank Colton, should be named in the action. Because joinder of Colton, a Minnesota resident, in the federal action would have destroyed the diversity jurisdiction of the District Court, plaintiffs filed a new action in state court, naming Reliance and Colton as defendants. The complaint restated plaintiffs' claims against Reliance and added breach of warranty and negligence claims against Colton. Reliance sought an order from the District Court staying the state court action. Plaintiffs countered by moving for voluntary dismissal of the federal court action. The District Court, *sua sponte*, applied the "exceptional circumstances" test and dismissed the federal action without prejudice.

In *Colorado River*, the Supreme Court set forth the conditions under which a court could stay or dismiss a pending federal suit in order to promote judicial economy. The Court emphasized that federal courts have a "virtually unflagging obli-

gation ... to exercise the jurisdiction given them." 424 U.S. at 817. However, it found that in "exceptional" circumstances "dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration" would be warranted. *Id.*, 424 U.S. at 818, 96 S.Ct. 1246.

The Court listed several factors pertinent to a determination of whether dismissal of a federal action because of the pendency of a related state action is appropriate. The factors to be considered include "the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained" by the courts. *Id.* at 818, 96 S.Ct. at 1246. (citations omitted). In *Cone,* the Court added several factors to the balancing test, including the source of the governing law, 460 U.S. at 23, 103 S.Ct. at 941; the adequacy of the state court action to protect the rights of the parties, *id.* at 26, 103 S.Ct. at 942; and the relative progress of the state and federal court actions, *id.* at 21, 103 S.Ct. at 939. Courts examining these factors are to weigh carefully the circumstances favoring dismissal against the obligation to exercise jurisdiction. *Colorado River,* 424 U.S. at 818–19, 96 S.Ct. at 1246–47. In carrying out this balancing test, "[o]nly the clearest of justifications will warrant dismissal." *Id.* at 819, 96 S.Ct. at 1247. At the same time, the Court also has instructed us that the balancing test "is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Cone,* 460 U.S. at 21, 103 S.Ct. at 939.

In deciding to dismiss the present case, the District Court carefully balanced its obligation to exercise jurisdiction against the factors weighing in favor of dismissal and found that exceptional circumstances justified dismissal of the action. Specifically, it found that "[t]he federal forum in this case deprives plaintiffs of joining a proper, and likely necessary, party. By proceeding with this action in federal district court, the parties and the courts would be forced to litigate this product liability matter piecemeal. The resulting inconvenience to both parties and the courts would be considerable. Also militating in favor of dismissal is the absence of any issue of federal law." Order at 2.

We may reverse the District Court's decision that exceptional circumstances warrant dismissal of the federal action only if we find an abuse of discretion. *See, e.g., Lumen Construction, Inc. v. Brant Construction Co.,* 780 F.2d 691, 695 (7th Cir. 1986); *Kruse v. Snowshoe Co.,* 715 F.2d 120, 124 (4th Cir.1983), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1413, 79 L.Ed.2d 739 (1984). We find no such abuse. The District Court has determined that Colton is a proper party to this litigation, yet his joinder in the federal action would result in the destruction of diversity jurisdiction.[1] The practical effect of the dismissal is to send the parties to state court, where plaintiffs' entire case, which is based solely upon state law, can be tried in one fell swoop and relief, if any is obtained, can be had against all the proper parties defendant. The court's action thus well serves the interests of judicial economy that *Colorado*

---

1. Reliance contends that it has not been permitted to argue before the District Court its claim that plaintiffs' assertion of a cause of action against Colton was a sham, intended only to deprive the federal court of diversity jurisdiction. In support of this claim, Reliance argues that plaintiffs' decision to seek relief against Colton came only after removal and that plaintiffs have failed to state new or substantial state law claims against Colton. Reliance, however, placed its claim before the District Court in its memorandum in support of its motion to stay the state court action. Appendix at 20. It seems plain to us that the District Court has addressed this claim in its dismissal order and has concluded that Colton is in fact "a proper,

and likely necessary, party" under Minnesota law. Order at 2.

With respect to determinations of state law, this Court will defer to the conclusions of a district court regarding the law of the state in which the district court sits unless those conclusions are shown to be " 'fundamentally deficient in analysis or otherwise lacking in reasoned authority.'" *Kifer v. Liberty Mutual Ins. Co.,* 777 F.2d 1325, 1330 (8th Cir.1985) (quoting *Ancom, Inc. v. E.R. Squibb & Sons, Inc.,* 658 F.2d 650, 654 (8th Cir.1981)). No such showing has been made here, and therefore we defer to the District Court's determination that under Minnesota law Colton is a proper party.

*River* seeks to accommodate. Accordingly, we affirm the order of the District Court.