Craig **DARSIE, individually; Sports Distribution Professionals, a Minnesota corporation, Plaintiffs–Appellants,**

v.

**AVIA GROUP INTERNATIONAL, INC., a Delaware corporation, formerly known as Pensa, Inc.; Reebok International, Ltd., a Massachusetts corporation, Defendants–Appellees.**

No. 94–1839.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1994.

Decided Sept. 28, 1994.

Michael M. Bader, and Douglas Peine, St. Paul, MN, for appellants.

James J. Bertrand, Minneapolis, MN, for appellees.

Before HANSEN, Circuit Judge, HENLEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

PER CURIAM.

The plaintiffs, Craig Darsie and Sports Distribution Professionals (SDP), appeal the district court's[1] order dismissing without prejudice their cause of action involving three contract disputes with the defendant corporations, Reebok International, Ltd. (Reebok) and its wholly owned subsidiary, Avia Group International, Inc. (Avia). The plaintiffs contend that the district court abused its discretion by dismissing their complaint pursuant to the "exceptional circumstances" test articulated in *Colorado River Water Conservation Dist. v. United*

*States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). We affirm.

Craig Darsie is the president of SDP, a Minnesota corporation with its principal place of business in Minnesota. SDP is a sales representative for manufacturers of sporting goods and apparel. This action arises out of the defendants' termination of three sales representative contracts with the plaintiffs: the Avia contract, the Above the Rim contract, and the Weebok contract.

The Avia contract was executed in 1984 between Avia's predecessor in interest, Pensa, Inc., and SDP in which SDP agreed to represent the Avia product line for a period of five years in exchange for commissions at specified rates. The contract expressly provided that it was to be governed by Oregon law and that disputes would be subject to arbitration. After three years, Avia terminated the contract, but the parties orally agreed to continue performance at different commission rates than those specified in the written contract. Avia terminated the oral contract in 1992.

The Above the Rim contract dispute involves an oral contract wherein SDP agreed to act as sales representative for an apparel line of Above the Rim International, a corporation acquired in 1992 by Reebok, a Massachusetts corporation with its principal place of business in Massachusetts. The parties disagree about whether the law of Massachusetts or the law of Minnesota applies to this oral agreement. By correspondence dated June 1, 1992, Reebok terminated the Above the Rim contract effective August 1, 1992.

The Weebok contract is a written agreement wherein SDP agreed to sell Weebok products, a line of children's footwear manufactured by Reebok. Pursuant to the Weebok contract, disputes are to be governed by Massachusetts law and are subject to arbitration. Reebok terminated the Weebok contract effective June 1, 1992.

A stream of litigation followed. On October 22, 1993, Avia, a wholly owned subsidiary of Reebok, filed an amended complaint for declaratory relief against the plaintiffs in Oregon state court, seeking a determination of

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

issues of fact and law arising out of the Avia contract. On the same day, Reebok filed a declaratory judgment complaint in Massachusetts state court, seeking a determination of issues arising out of the Above the Rim contract and the Weebok contract. On November 5, 1993, the plaintiffs filed this action in Minnesota state court, alleging, *inter alia,* theories of breach of contract, estoppel, misrepresentation, failure to provide an accounting, and the failure to pay commissions in violation of Minnesota statutes, all relating to the same three contracts involved in the Oregon and Massachusetts actions. Reebok and Avia removed the Minnesota lawsuit to the United States District Court for the District of Minnesota and moved to dismiss the complaint pursuant to the "exceptional circumstances" test established in *Colorado River* or in the alternative, on the grounds of forum non-conveniens.

In a well-reasoned amended order, the district court granted the motion to dismiss without prejudice, finding that exceptional circumstances existed. The plaintiffs appeal the dismissal of their complaint.

■ In *Colorado River,* the Supreme Court listed three factors that courts may consider when determining the appropriateness of dismissing a federal suit due to an existing concurrent state proceeding. *See* 424 U.S. at 818, 96 S.Ct. at 1246–47. These factors consist of "the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained...." *Id.* (citations omitted). The Court has expanded the list to include a consideration of the source of the governing law, the adequacy of the state court action to protect the rights of the parties, and the relative progress of each action. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 21–26, 103 S.Ct. 927, 939–42, 74 L.Ed.2d 765 (1983); *see also Fiedler by Fiedler v. Reliance Elec. Co.,* 823 F.2d 269, 270 (8th Cir.1987). When determining whether to stay or dismiss a federal complaint, courts must carefully balance these factors against their " 'virtually unflagging obligation ... to exercise the jurisdiction given them.' " *Fiedler,* 823 F.2d at 269–70 (quoting *Colorado River,* 424 U.S. at 817,

96 S.Ct. at 1246) (alteration in original). At the same time, courts must remain mindful "that the balancing test 'is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand.' " *Id.* at 270 (quoting *Cone,* 460 U.S. at 21, 103 S.Ct. at 940).

■ We review for an abuse of discretion the district court's finding of exceptional circumstances. *Id.* The district court's amended order carefully considered each factor listed above and found that all factors favored dismissal except for the inconvenience of the federal forum, which the court deemed to be neutral in the balance. Specifically, the district court found that the concurrent state court actions were filed before the present action and concerned the same subject matter, that the desirability of avoiding piecemeal litigation weighed in favor of dismissal, that the federal district court was not in a better position to interpret Minnesota law than the state courts, that no issues of federal law are involved, and that the state actions have progressed further than this case.

The plaintiffs take issue with each of the district court's findings, but we can discern no abuse of discretion. The district court balanced the relevant factors considering the realities of the case at hand and dismissed the complaint without prejudice. Two proceedings in two different states are already under way. In the Oregon case, the state court has addressed motions, discovery has begun, and a trial date is set. In the Massachusetts case, Darsie and SDP have answered the complaint and opposed a motion to compel arbitration. Massachusetts has a compulsory counterclaim rule that requires the plaintiffs to bring in the Massachusetts action all claims arising out of the same transaction. *See* Mass.R.Civ.P. 13(a). Oregon does not have a compulsory counterclaim rule, but there is a "qualification that a party cannot recover in a separate action on a cause of action which he failed to plead in a prior action by way of setoff or counterclaim but which was necessarily adjudicated by a former judgment." *Conner v. Delon Oldsmobile Co.,* 66 Or.App. 394, 674 P.2d 1180 (1984) (internal quotations omitted). In the state actions, Avia and Reebok seek declara-

tory judgments to determine the facts and law relating to the same three contracts that are at issue in this federal action. The state actions involve the identical parties named in the present action. Throwing a federal proceeding into the mix creates yet a third proceeding involving the same parties and the same contracts with no severable federal issue. This type of litigation is not desirable. The entire case is governed by state law and therefore, dismissal of this action was appropriate.

We conclude that the district court did not abuse its discretion in dismissing the complaint pursuant to the "exceptional circumstances" test of *Colorado River* as expanded by the Supreme Court in *Cone*. Accordingly, we affirm the judgment of the district court.